**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

ROY LEE JOHNSON                                                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO.  4:11-cv-52-HTW-LRA

RACHEL ALEXANDER                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, sua sponte, for consideration of dismissal.  Plaintiff, an

inmate at the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant

to 42 U.S.C. § 1983.  The only named Defendant is Rachel Alexander, whose address is 259

Kelly Street, Philadelphia, Mississippi 39350.  Compl. [1] at p. 6.  Plaintiff seeks monetary

damages as relief.

Background

According to the complaint [1], Defendant Alexander accused the Plaintiff of rape.

Plaintiff was then arrested and charged with the rape of Defendant Alexander.  Compl. [1] at p.

4.  Thereafter, Plaintiff went to trial for this charge and was found not guilty because of a lack of

evidence.  Id.  Plaintiff has filed the instant complaint against Defendant Alexander because of

her alleged false allegations which resulted in Plaintiff's arrest and subsequent trial.  Id. at p. 7.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

_____

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal
        (i)      is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Denton v. Hernandez, 504

U.S. 25, 32 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994).  "A district court may

dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it

appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable

basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S.

1235 (1991).  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Parker v. Carpenter, 978 F.2d

190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992);

Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988 (1992).  "[I]n an

action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative

defenses that are apparent from the record even where they have not been addressed" or raised in

the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is

authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." Id.  As discussed below, the Plaintiff cannot maintain

this action pursuant to 42 U.S.C. § 1983 against the named Defendant.

    In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must (1) allege a violation

of rights secured by the Constitution or laws of the United States and (2) demonstrate that the

alleged deprivation was committed by a person acting under color of state law.  West v. Atkins,

487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).  The United States

---

    (iii)  seeks monetary relief against a defendant who is immune from
    such relief.

Supreme Court concluded that, in order to act under color of state law, the defendant in a section 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law.  West, 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

 Regarding the instant complaint, there is neither an allegation nor a factual basis to establish that Defendant Alexander is a state actor.  The record indicates that Defendant Alexander is a private citizen.  Any deprivation Plaintiff allegedly suffered from Defendant Alexander was not "under color of state law."  The Court finds that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983; therefore, this action should be dismissed.

Conclusion

As discussed above, Plaintiff has failed to assert a claim against a state actor as required by 42 U.S.C. § 1983.  Consequently, the Court finds this complaint should be dismissed with prejudice as legally frivolous pursuant to the Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2)(B)(i).

Three-strikes provision

Because this case will be dismissed pursuant to the above mentioned provision of the PLRA, it will be counted as a "strike".  See 28 U.S.C. § 1915(g).   If Plaintiff receives "three strikes", he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue this

date.

SO ORDERED, this the 22nd day of April, 2011.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE